DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JESSICA BAPTISTE,                              )
                                               )
                    Plaintiff,                 )
            v.                                 )
                                               )   Civil Action No. 2013-0104
LEE J. ROHN, INDIVIDUALLY AND                  )
D/B/A LAW OFFICES OF LEE J. ROHN,              )
                                               )
                    Defendant.                 )
_____)

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
**Rhea Lawrence, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER is before the Court on Defendant's "Motion for Leave to File Summary Judgment Motion Out of Time" (Dkt. No. 39), which was filed contemporaneously with the Defendant's Motion for Summary Judgment (Dkt. No. 40) and Defendant's Statement of Undisputed Facts (Dkt. No. 41). The Motion for Leave asks the Court to accept the Defendant's untimely motion for summary judgment almost three months past the previously extended deadline for dispositive motions. (Dkt. No. 39 at 2).

Both the Motion for Leave and the Motion for Summary Judgment were filed on October 26, 2015. On October 30, 2015, Plaintiff responded to Defendant's Motion for Leave by filing "Plaintiff's Opposition to Motion for Leave to File Summary Judgment Motion Out of Time

(Doc. No. 39)." (Dkt. No. 42). On November 16, 2015, Defendant filed her "Reply to Opposition to Motion for Leave to File Summary Judgment Motion Out of Time." (Dkt. No. 43). For the reasons that follow, the Court will deny Defendant's Motion for Leave and strike Defendant's Motion for Summary Judgment.

## I.   BACKGROUND

The Complaint in this matter was filed on November 8, 2013. Pursuant to a Scheduling Order entered by the Court on May 13, 2014, all dispositive motions were due on July 17, 2015. (Scheduling Order, Dkt. No. 23 at ¶ 8).[1] On July 17, 2015, Defendant filed a "Motion to Extend Deadline for Filing Dispositive Motions." (Dkt. No. 37). The Motion requested that the Court extend the deadline for filing dispositive motions to July 31, 2015, noting that "an extensive appellate practice in the Virgin Islands Supreme Court and the Third Circuit Court of Appeals ... has unfortunately caused a delay in the drafting of a dispositive motion." (*Id.*). The Court granted the motion for a two-week extension of time and ordered that "Defendant shall have up to and including July 31, 2015, to file any dispositive motions." (Dkt. No. 38). Defendant made no further filings in this case until eighty-six days after the extended deadline had passed when she filed the instant Motion for Leave.

In the Motion for Leave, Defendant asserts that she missed the extended deadline for dispositive motions "due to accelerated and multiple briefings on a matter pending before the Superior Court . . . ." (Dkt. No. 39 at 1).[2]  According to Defendant, "[t]he Superior Court matter was placed on an accelerated time schedule over the past 3 months . . . ." (*Id.*). Defendant goes

---

[1] The Court's Scheduling Order notes that "[a]ny extensions, changes, and/or modification of any dates or deadlines contained herein shall be made only for good cause and only with the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4)." (Dkt. 23, at ¶ 9).

[2] In the Motion for Leave, Defendant repeatedly states that the extended deadline for filing dispositive motions was August 31. Defendant provides no factual basis or explanation for her belief that the extended deadline was August 31, 2015, when in fact it was July 31, 2015.

on to argue that the "summary judgment motion filed by Plaintiff [*sic*] may dispose of this matter in its entirety without the need for the time and expense of a trial . . . ." (*Id.* at 2). Finally, Defendant argues that "[t]here is no prejudice to Plaintiff as this Court has yet to set a trial date or otherwise set trial related deadlines" and that accepting the untimely motion for summary judgment "should not disrupt this Court's schedule." (*Id.*).

In her Opposition, Plaintiff argues that Defendant's "explanation for the delay in filing a summary judgment motion is essentially that her attorney has been very busy with other cases." (Dkt. No. 42 at 2). Plaintiff notes, however, that Defendant does not contend that her busy schedule constitutes excusable neglect, and does not explain why Defendant did not seek an extension of time earlier. (*Id.*). Plaintiff maintains that the Motion for Leave should be denied as Defendant has not established either that she acted in good faith or that there was a sufficient reason for the delay. (*Id.*).

In her Reply, Defendant asserts that the accelerated briefing schedule was not anticipated and that "[h]ad it been anticipated, Defendant would have initially sought sufficient time." (Dkt. No. 43 at 1). Defendant also notes that the summary judgment motion may "eliminate the need for trial" or at least "drastically reduce the issues to be tried." (*Id.*). The Reply concludes with the proposition that "[o]ne always strives to timely meet deadlines, however, there will be instances where a deadline is not met because another matter had to be given your attention because of the nature of the case. This is what occurred here . . . ." (*Id.* at 1-2).

As discussed below, Defendant's Motion for Leave is nearly three months past the extended deadline and fails to satisfy the "good cause" and "excusable neglect" standards set forth in the applicable Federal Rules of Civil Procedure. Accordingly, the Court will deny Defendant's Motion for Leave and reject her motion for summary judgment.

## II. DISCUSSION

### A. Legal Principles

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time. . . ." Fed. R. Civ. P. 6(b)(1). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (quoting *Black's Law Dictionary* 251 (9th ed. 2009)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010).

The good cause standard articulated in Rule 6 also applies to Rule 16 Scheduling Orders. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified *only* for good cause and with the judge's consent.") (emphasis added). "The rationale for the 'good cause' requirement for modification of a court's scheduling order is that 'scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.,* 2008 WL 4642191, at *6 (D.V.I. Oct. 15, 2008) (quoting *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3d Cir. 1986)). "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Bell v. Lockheed Martin Corp.,* 2011 WL 1467365, at *4 (D.N.J. Apr. 18, 2011).

Federal Rule of Civil Procedure 6(b)(1) further states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P.

6(b)(1)-(1)(B). "Excusable neglect is a broad inquiry and determining whether neglect is excusable is an 'equitable' determination that takes account of all relevant circumstances surrounding the party's omission." *Clarke v. Marriott International, Inc.*, 2012 WL 2285188, at *2 (D.V.I. June 18, 2012) (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (internal quotes omitted)).

Courts consider four factors in determining whether an extension should be granted based on excusable neglect: (1) "the danger of prejudice to the [other party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of [the untimely party]"; and (4) "whether the [untimely party] acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Drippe v. Tobelinski*, 604 F.3d 778, 784–85 (3d Cir. 2010) (applying the four *Pioneer* factors to a Rule 6(b)(1)(B) motion); *Glasgow v. Veolia Water N. Am. Operating Services LLC*, 2011 WL 3471963 at *3 (D.V.I. Aug. 5, 2011). In addition to the four *Pioneer* factors, courts may also consider other factors, such as "the procedural circumstances surrounding the extension request and the repercussions of not granting relief." *Glasgow*, 2011 WL 3471963 at *3. "The moving party carries the burden of demonstrating excusable neglect." *Clark*, 2012 WL 2285188, at *2.

Thus, to establish that the Court should grant her Motion for Leave and accept her untimely Motion for Summary Judgment, Defendant has the burden of showing both good cause and excusable neglect.

B. Analysis

The Court first examines whether Defendant has met her burden of both showing good cause for the nearly three-month extension of the deadline, and demonstrating that the *Pioneer*

5

factor regarding the reason for delay weighs in favor of a finding of excusable neglect. The Court finds that she has failed to do either.

Defendant argues that she filed the motion for summary judgment late because another legal matter was placed on an unanticipated "accelerated briefing schedule" for the preceding three months that required "multiple" briefs and "extensive legal research." (Dkt. No. 39 at 1; Dkt. No. 43 at 1). Defendant is silent as to when the accelerated briefing schedule was entered; when the briefing commenced; what filings were required; and the dates that the "multiple" filings were due. Given both the absence of such details and the inordinate amount of time that passed since the extended deadline, Defendant has failed to demonstrate good cause for why she missed the deadline by nearly three months, or to articulate a sufficient reason for the delay.

Under the good cause standard, the Court focuses on Defendant's "burden to show due diligence." *Race Tires Am. Inc.*, 614 F.3d at 84. Similarly, under the *Pioneer* excusable neglect factor regarding reason for delay, the Court examines whether Defendant exhibited "substantial diligence" and "professional competence," but notwithstanding such efforts, "the result of some minor neglect" caused the lack of compliance. *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012). Defendant's bare-bones account of the events that transpired leaves unexplained how the accelerated briefing schedule occupied the time and attention of all *three* attorneys of record for Defendant for a period of almost three months such that even a more timely motion for extension of time could not be filed. Defendant simply has not adequately explained how a nearly three-month delay could have occurred despite counsel's professional competence and substantial diligence.

Even accepting Defendant's assertions that the briefing schedule was unanticipated and required extensive legal research, the Court can discern no legally sufficient reason why Defendant did not file a motion for extension of time before or closer to the extended deadline.

6

In her Opposition, Plaintiff makes this same point by arguing that "[t]here is absolutely no reason that one of the many lawyers in Defendant's counsel's law firm could not have taken a brief period of time to at least file a motion for an extension before the deadline passed." (Dkt. No. 42 at 3-4). This is especially so give that there are *three* attorneys of record on this case. Defendant's motion is devoid of any cogent explanation for why Defendant neither requested additional time prior to the expiration of the extended deadline, nor filed a motion for leave sooner than eighty-six days after the extended deadline passed. Given that both Defendant's first motion for an extension of time and her instant Motion for Leave are slightly over one page in length, it is difficult to comprehend how such a motion could not have been prepared by one of the three attorneys of record in less than three months, even in the face of an unanticipated accelerated briefing schedule in another matter.[3]

The burden of showing both good cause and excusable neglect rests on Defendant. Simply stating that there was an unexpected requirement to file "multiple briefs" and conduct "extensive legal research" does not adequately explain or justify the nearly three-month delay. Accordingly, the Court finds that Defendant failed to establish good cause, and that the "reason for delay" *Pioneer* factor weighs heavily against a finding of excusable neglect.

The Court next examines the "length of delay" factor and its potential impact on judicial proceedings. Defendant argues that a trial date or other related deadlines have not yet been set,

---

[3] Defendant asserts in her Reply that "there will be instances where a deadline is not met because another matter had to be given your attention because of the nature of the case." (Dkt. No. 43 at 2). This is certainly true, and Federal Rule of Civil Procedure 6(b) contemplates that a deadline may be modified to accommodate such circumstances. But significantly, to modify a deadline under the Rule one must establish not simply a showing of neglect but rather a showing of *excusable* neglect; not just that there is a cause for the extension but that there is *good* cause. This is where Defendant's argument misses the mark. Defendant has simply failed to explain why—under the standards set forth in Federal Rule of Civil Procedure 6(b)—her circumstance warrants modifying the deadline.

7

and thus the untimely motion for summary judgment should not disrupt the Court's schedule. (Dkt. No. 39 at 2).

As a preliminary matter, Defendant's argument in this regard is in direct contravention of the Court's repeated admonitions that its policy of not scheduling trial dates until after the dispositive motion schedule has expired does not afford counsel license to use the absence of a trial date to support their arguments for extensions of the deadlines in the Court's Scheduling Order. Counsel cannot claim that they are unaware of the Court's policy or the Court's position on this issue.[4]

Moreover, although under the circumstances here, granting an extension in an individual case may have little impact on the judicial proceedings in that particular case, the Court is wary of the possible effect on the Court's proceedings and its ability to manage its docket when such extensions are considered more generally. As noted by the Third Circuit in denying an untimely notice of appeal:

> [We] note that a ruling in favor of Ragguette in the current circumstances could be read as condoning and even rewarding otherwise avoidable mistakes—and even outright incompetence—on the part of even experienced attorneys. Far from

---

[4] The undersigned Judge has an established policy of not setting a trial date in the initial Scheduling Order, but waiting until after any dispositive motions are resolved. The goal of this policy is to spare the parties from the need to prepare for trials and to file motions and other documents in connection therewith that may later be rendered inapt by the Court's resolution of a pending dispositive motion. Because Defendant advances an argument grounded in the absence of a trial date, the Court is compelled to reiterate that the absence of a trial date does not render the remaining deadlines in the Court's Scheduling Orders meaningless. The Court's position in this regard should come as no surprise to Defendant. Indeed, after the Court implemented its policy, it routinely took the opportunity at Rule 16 Scheduling Conferences to inform attorneys (including counsel for Defendant and her colleagues) that the Court would not permit extensions of time simply because the lack of a trial date created the appearance that the schedule would not be disrupted. *See e.g.*, Initial Rule 16 Scheduling Conference, *Robles v. Govt. of the Virgin Islands*, Case No. 1:12-cv-00069, March 25, 2013, (the undersigned Judge informing counsel, including Rhea Lawrence—counsel for Defendant in the instant matter—that the policy of issuing Scheduling Orders only up through the date of dispositive motions, "does not leave open the argument that there is no trial scheduled so it's ok to extend the timeframes . . . .").

> deterring such mistakes, such a signal could lead to yet more claims of excusable neglect premised on attorney incompetence. . . .

*Ragguette*, 691 F.3d at 332. In view of the undersigned Judge's policy of not setting trial dates until after dispositive motions have been resolved, Defendant's argument that an extension would not disrupt the Court's schedule could be made in virtually every case. Thus, when considered more globally, a precedent of granting motions for extensions of time based on this argument would quickly erode the Court's ability to manage its docket.

Defendant further notes that accepting the untimely motion for summary judgment would promote judicial efficiency by eliminating the need for a trial or reducing the issues to be tried. (Dkt. No. 39 at 2; Dkt. No. 43 at 1). This self-serving argument can, of course, be made by any proponent of a dispositive motion. While efficiency is a worthy goal that would positively impact judicial proceedings, the Federal Rules of Civil Procedure do not contemplate that filing deadlines should be applied more leniently to dispositive motions because they have the potential to affect the need for, and scope of, a trial.

Although granting Defendant's motion would only slightly impact the judicial proceedings in the instant case, this fact is outweighed by both the inordinate delay of nearly three months together with how a precedent of granting such delays would negatively impact the Court's ability to manage its docket as a whole. Accordingly, on balance the Court finds that the "length of delay" factor weighs against a finding of excusable neglect.

As to the *Pioneer* factor addressing prejudice to the opposing party, the Court finds that it supports a finding of excusable neglect. In considering whether prejudice is present, the Court looks at the facts as presented. *Ragguette*, 691 F.3d at 331. As the Third Circuit noted in *Ragguette,* "prejudice does not consist of 'an imagined or hypothetical harm,' and, on the contrary, prejudice generally occurs where, for instance, the opposing party has lost evidence or

9

placed substantial reliance on the judgment or there is an increased potential for fraud or collusion." *Id.* at 331-32 (quoting *In re O'Brien Envtl. Energy, Inc.,* 188 F.3d at 127). Here, Plaintiff fails to articulate in her Opposition how she would be prejudiced if the Motion for Leave was granted, and the Court cannot discern any prejudice based on the facts of record.

The Court reaches a similar conclusion when it examines the *Pioneer* factor concerning bad faith. Based on the facts in the record, the Court cannot find that Defendant engaged in "outright misconduct or inequitable behavior" that would constitute bad faith. *See Ragguette*, 691 F.3d at 332. Because it does not appear that Defendant acted in bad faith, this *Pioneer* factor also weighs in favor of a finding of excusable neglect.[5]

In sum, the Court concludes that the Defendant has failed to establish good cause and that, on balance, the *Pioneer* factors do not support a finding of excusable neglect. As to the *Pioneer* factors, Defendant has failed to explain how she "exhibited substantial diligence, and professional competence but as the result of some minor neglect compliance was not achieved." *Id.* at 328 (quoting *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 920 (3d Cir. 1987)) (omitting quotations and ellipsis). As such, the "reason for delay" factor weighs strongly against excusable neglect. Similarly, considering the inordinate delay of nearly three months and the dangerous precedent that granting such an extension would create, the Court finds that the "length of delay" factor also weighs against a finding of excusable neglect. Although the Court finds no prejudice or bad faith, these two factors are easily outweighed by the "reason for delay" and "length of delay" factors. As the Third Circuit has noted, "prejudice to the opposing party,

---

[5] Although Plaintiff correctly notes that this Court has previously warned Defendant's counsel that a busy schedule does not constitute excusable neglect (Dkt. No. 42, at 2 (citing *Clark*, 2012 WL 2285188, at *4)), Plaintiff does not expressly claim that Defendant's actions constitute bad faith. Moreover, although historically accurate, Plaintiff's "busy schedule" argument does not squarely address Defendant's current position—that an unexpected event is grounds for excusable neglect.

10

disruption of efficient judicial administration, and bad faith are frequently absent. . . ." *Ragguette*, 691 F.3d at 331. However, where—as here—the "reason for delay" and "length of delay" factors strongly weigh against a finding of excusable neglect, these factors are not outweighed by the minimal support provided by the remaining two *Pioneer* factors. *See id.* at 333 (holding that the "reason for delay" factor was not overcome by the minimal support provided by the remaining *Pioneer* factors).

For the reasons discussed above, the Court will deny Defendant's Motion for Leave and strike the accompanying Motion for Summary Judgment.

### ORDER

**UPON CONSIDERATION** of Defendant's "Motion for Leave to File Summary Judgment Motion Out of Time" (Dkt. No. 39), the entire record, and for the reasons stated herein, it is hereby

**ORDERED** that Defendant's Motion for Leave is **DENIED**; and is further

**ORDERED** that Defendant's Motion for Summary Judgment is **STRICKEN**.

**SO ORDERED.**

Date: December 23, 2015  _____/s/_____
                                                                                                           WILMA A. LEWIS
                                                                                                           Chief Judge