DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JESSICA BAPTISTE, )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>LEE J. ROHN, INDIVIDUALLY AND )<br>D/B/A LAW OFFICES OF LEE J. ROHN, )<br>)<br>**Defendant.** )<br>_____ ) | Civil Action No. 2013-0104 |

**Attorneys:**
Andrew C. Simpson, Esq.,
Emily Shoup, Esq.,
St. Croix, U.S.V.I.
    *For Plaintiff*

Lee J. Rohn, Esq.,
Mary Faith Carpenter, Esq.,
Rhea Lawrence, Esq.,
St. Croix, U.S.V.I.
    *For Defendant*

## ORDER

THIS MATTER comes before the Court on Defendant's "Motion *in Limine* to Bar Plaintiff from Calling any Expert Witnesses," filed on February 1, 2016 (Dkt. No. 52), wherein Defendant seeks to preclude Plaintiff from "offering any expert testimony at trial[,] including testimony from any treating physicians." On February 8, 2016, Plaintiff filed an Opposition in which she states that she "has not identified any expert witnesses in this case and does not plan to call any expert witnesses to testify on her behalf." (Dkt. No. 55). Plaintiff states further that she "does not intend to seek expert testimony from her treating physicians and has not designated them as 'non-expert'

witnesses . . . ." (*Id.*).[1] The Court understands these representations to mean that Plaintiff does not intend to offer any expert testimony and further that she does not intend to offer any testimony from her treating physicians—expert or "non-expert." Notwithstanding these representations by Plaintiff, Defendant filed a Reply on February 16, 2016, arguing that "the issue with the treating physicians is not that Plaintiff does not intend to seek 'expert testimony' from these doctors, the issue is that Plaintiff failed to disclose these treating physicians as witnesses at all as revised Rule 26 mandates." (Dkt. No. 59).

In view of the fact that Rule 26 mandates the disclosure of only individuals that the disclosing party "may use to support its claims or defenses," FED. R. CIV. P. 26(a)(1)(A)(i), and experts "it may use at trial," FED. R. CIV. P. 26(a)(2)(A), the Court finds incomprehensible the issue that Defendant continues to raise in her Reply. Given that Plaintiff stated in her Opposition that she does not intend to call any expert witnesses or treating physicians at trial (*see* Dkt. No. 55), the Court will deny as moot Defendant's "Motion *in Limine* to Bar Plaintiff from Calling any Expert Witnesses."

Accordingly, it is hereby

**ORDERED** that Defendant's "Motion *in Limine* to Bar Plaintiff from Calling any Expert Witnesses" is **DENIED AS MOOT**.

**SO ORDERED**.

Date:  February 26, 2016                              _____/s/_____
                                                      WILMA A. LEWIS
                                                      Chief Judge

---

[1] Consistent with these representations, Plaintiff did not identify any expert or treating physicians as witnesses in her Rule 26 disclosure of witnesses that she intends to call at trial, which was filed on January 25, 2016. (Dkt. No. 46).