## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JESSICA BAPTISTE,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff,　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>LEE J. ROHN, INDIVIDUALLY AND　　　)<br>D/B/A LAW OFFICES OF LEE J. ROHN, )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant.　　　　　　　　　 )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿) | Civil Action No. 2013-0104 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
　　*For Plaintiff*

**Gordon C. Rhea, Esq.,**
St. Thomas, U.S.V.I.
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
　　*For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

　　THIS MATTER comes before the Court on Defendant's "Motion *in Limine* to Exclude Any Evidence, Testimony from Undisclosed Witnesses," filed on February 1, 2016 (Dkt. No. 50), Plaintiff's Opposition, filed on February 8, 2016 (Dkt. No. 56), and Defendant's Reply, filed on February 16, 2016 (Dkt. No. 61). In the Motion *in Limine*, Defendant seeks to preclude Plaintiff from offering the testimony of seven witnesses listed in her "Rule 26 Pretrial Disclosures," which was filed on January 25, 2016 (Dkt. No. 46). (*See* Dkt. No. 50 at 1-2). A hearing on Defendant's Motion *in Limine* was held on March 4, 2016. At the hearing, Plaintiff represented that only two witnesses remain at issue for purposes of the Motion *in Limine*. For the reasons that follow, the Court will grant Defendant's Motion *in Limine* with respect to those two witnesses.

## I. BACKGROUND

Plaintiff Jessica Baptiste ("Plaintiff") brings this action against Lee J. Rohn, individually and d/b/a Law Offices of Lee J. Rohn ("Defendant"), alleging legal malpractice and breach of contract. (*See* Dkt. No. 1). In the Complaint, Plaintiff alleges that Defendant negligently failed to file her personal injury lawsuit against HOVENSA within the applicable statute of limitations; that, as a result, her complaint against HOVENSA in the Superior Court of the Virgin Islands was dismissed; and that the dismissal was affirmed on appeal. (*Id.*). Plaintiff also alleges in the Complaint that Defendant "promised that she would pay . . . the value of the case against HOVENSA if the [dismissal] was not reversed," but has failed to do so. (*Id.*). Plaintiff seeks damages for Defendant's alleged malpractice and breach of contract, as well as attorney's fees and costs. (*Id.*). Pursuant to the Trial Management Order, entered by this Court on December 23, 2015, the trial of this matter is scheduled to begin on March 21, 2016. (Dkt. No. 45).

In the instant Motion *in Limine*, Defendant asserts that, in Plaintiff's "Rule 26 Pretrial Disclosures" (Dkt. No. 46), filed on January 25, 2016, she identifies seven witnesses—James Payne, John Son Son Baptiste, Franklin, Biggs, Janis Parker Browne, Rashida George, and Annette Parker—whom she failed to adequately disclose under Rule 26 of the Federal Rules of Civil Procedure. (*See* Dkt. No. 50). Specifically, Defendant contends that Plaintiff failed to disclose the addresses and telephone numbers of these witnesses and that "in certain instances (Franklin and Biggs) only partial names were given." (*Id.* at 1, 3). Defendant argues that now, on the eve of trial, she "has no way of deposing these individuals . . . and is severely prejudiced." (*Id.*). Defendant seeks exclusion of the seven witnesses under Rule 37 of the Federal Rules of Civil Procedure. (*Id.*).

Plaintiff responds that "she first disclosed the witnesses in this case on October 23, 2014"; that she "has provided all of the information known to her regarding witnesses she 'may' call to testify in her case";[1] that Defendant "never requested time for additional discovery"; and that Defendant has "known about every one of the witnesses at issue since 2002," when Defendant was hired to represent Plaintiff in a lawsuit against HOVENSA. (Dkt. No. 56 at 3 (emphasis in original)).[2] Plaintiff states further that "[s]he is continuing to attempt to try and locate these witnesses"; that "[a]ny information [she] obtains will be immediately provided to defense counsel"; and that she "will make every effort to accommodate defense counsel's schedule should she wish to depose any witness." (*Id*. at 4). Plaintiff contends that because "this case is not set for trial until March 21, 2016, . . . there is still time to conduct discovery without disrupting the trial." (*Id*. at 3).

In her Reply, Defendant argues that she "does not require an extension of time to conduct fact discovery" because "[i]t is Plaintiff who must shoulder the burden of her failure to properly disclose [] witnesses . . . ." (Dkt. No. 61 at 3 (citing *Gautier-James v. Hovensa, LLC*, 2011 U.S. Dist. LEXIS 109756 (D.V.I. Sept. 27, 2011)). She states further that she "has no availability to conduct any last minute depositions or find rebuttal witnesses to challenge the testimony." (*Id*. at 3). Defendant maintains that Plaintiff has not complied with the requirements of Rule 26, including

---

[1] In support of this representation, Plaintiff cites to several excerpts from her deposition testimony. (*See* Dkt. No. 56-1).

[2] Plaintiff also states that "two of the witnesses for whom Defendant complains of not being provided with contact information—Rashida George and Janis Browne—are Defendant's clients." (Dkt. No. 56 at 2). However, Defendant responded that she represented Rashida George and Janis Browne "many years ago," and that she no longer has their contact information. (Dkt. No. 61 at 1-2). At the hearing on March 4, 2016, Defendant stated that she represented Janis Browne in 2006.

3

the requirements of Rule 26(a)(3)(A)(i),[3] and therefore cannot be permitted to call improperly disclosed witnesses at trial. (*See id*. at 4).[4]

## II.     DISCUSSION

### A. Applicable Legal Principles

Under Rule 26(a)(1) of the Federal Rules of Civil Procedure, a party must, "without awaiting a discovery request," disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  FED. R. CIV. P. 26(a)(1)(A)(i). "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." FED. R. CIV. P. 26(a)(1)(C). Each party "must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ." FED. R. CIV. P. 26(a)(1)(E).

A party must also supplement or correct its disclosures either (a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or (b) "as ordered by the court." FED. R. CIV. P. 26(e).

---

[3] Rule 26(a)(3)(A)(i) provides:

> In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises.

FED. R. CIV. P. 26(a)(3)(A)(i).

[4] In her Reply, Defendant also argues that the testimony of Annette Parker should be excluded on hearsay grounds. (Dkt. No. 61 at 2). In view of the Court's ruling herein, the Court need not address this issue.

As a general rule, when courts order all factual discovery, including fact witness depositions, to be completed by a certain date, supplemental disclosure of witnesses after that date is untimely. *See Fitz v. Islands Mech. Contractor, Inc.*, 2013 U.S. Dist. LEXIS 47061, at *7 (D.V.I. Apr. 1, 2013); *Gautier-James v. Hovensa, L.L.C.*, Civ. No. 2006–106, 2011 U.S. Dist. LEXIS 109756, at *12 (D.V.I. Sept. 27, 2011) (collecting cases).

"If a party fails to properly provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). To determine whether a discovery violation warrants excluding the associated evidence, courts in the Third Circuit consider the following factors, sometimes referred to as the *Pennypack* factors:

> (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or the excluded evidence would have been offered; (2) "the ability of that party to cure the prejudice"; (3) the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) the importance of the excluded evidence.

*See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). The party who fails to comply with Rule 26(a) or (e) bears the burden of demonstrating that the failure is substantially justified or harmless. *See Gautier-James*, 2011 U.S. Dist. LEXIS 109756, at *17 (citing *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

**B. Analysis**

Pursuant to Rule 26(a)(1), Plaintiff initially identified, in a document dated March 25, 2014, herself and Defendant, Lee J. Rohn, as two individuals "likely to have discoverable information." (Dkt. No. 50-1 at 1). On October 23, 2014, in response to an interrogatory, Plaintiff provided to Defendant a list of individuals who were "either an eyewitness to, or has knowledge

5

of the August 7, 2000 incident, occurrence or accident described in [the] Complaint." (Dkt. No. 50-2 at 6). The interrogatory requested the names and addresses of these individuals. (*Id*.). However, Plaintiff did not provide any address or other contact information, but only names and either a description of the individual's knowledge of the August 7, 2000 incident or the individual's position at HOVENSA at the time of the incident. (*See id*.). A Scheduling Order entered in this case set a deadline of October 31, 2014 for "[a]ll factual discovery, including written discovery and fact witness depositions." (Dkt. No. 23). Plaintiff did not supplement her interrogatory response with contact information by the discovery deadline.

On January 25, 2016, pursuant to Rule 26(a)(3) and the Trial Management Order entered in this case on December 23, 2015 (Dkt. No. 45), Plaintiff filed her Rule 26 pretrial disclosures, which listed, *inter alia*, her potential trial witnesses—including James Payne, John Son Son Baptiste, Franklin, Biggs, Janis Parker Browne, Rashida George, and Annette Parker. (Dkt. No. 46). The pretrial disclosure did not include any addresses or telephone numbers for the witnesses, as required by Rule 26(a)(3). *See* FED. R. CIV. P. 26(a)(3)(A)(i) (stating that a party must provide "the name and, if not previously provided, the address and telephone number of each witness" that "it may present at trial other than solely for impeachment").

At the hearing on Defendant's Motion *in Limine*, held on March 4, 2016, counsel for Plaintiff began by stating that "this has been a difficult case in getting information from [her] client." She stated further that "as [she] was walking out the door to come to [the] hearing, [she] received a telephone call from two of the witnesses"—Janis Parker Browne and Annette Parker— and "now [has] phone numbers and addresses for those witnesses." She explained that she obtained the contact information for these two witnesses—both of whom are the aunts of Plaintiff (*see* Dkt. No. 56-1 at 3-4, 10)—on the morning of the hearing only because she left a message for Plaintiff stating that a hearing had been scheduled on Defendant's Motion *in Limine*. Counsel stated that

6

she had made it "very clear" to Plaintiff "multiple times" that she needed contact information for Plaintiff's witnesses. However, it was only on the morning of the hearing—a little more than two weeks prior to the trial—that counsel received a response in the form of telephone calls from two of the witnesses (Plaintiff's aunts).

In response to an inquiry by the Court, counsel for Plaintiff acknowledged that, during Plaintiff's deposition on November 4, 2014—sixteen months ago—Plaintiff stated that she had the telephone number of one of her aunts, Janis Parker Browne, in her cell phone, and further stated to Defendant's counsel that she would provide the number to Defendant. (*See* Dkt. No. 61 at 1). However, Plaintiff failed to do so. When asked by the Court what efforts counsel took to get the telephone number from Plaintiff and provide it to Defendant, counsel stated that she promptly followed up with Plaintiff in person and via e-mail, letter, and telephone, but that Plaintiff did not provide the number. Counsel stated that, instead of providing the number, Plaintiff had Janis Parker Browne (as well as Annette Parker) call her office the morning of the hearing on Defendant's Motion *in Limine*. Counsel could provide no explanation for Plaintiff's failure to timely provide the telephone number of Janis Parker Browne and contact information for other witnesses in response to counsel's numerous requests.[5]

After acknowledging that she never received from Plaintiff, nor independently obtained, the last names of Franklin and Biggs or contact information for James Payne and John Son Son Baptiste, counsel withdrew them as trial witnesses. She also withdrew as a trial witness Rashida George, with whom she spoke the day before the hearing.[6] Counsel explained that Ms. George lives in Virginia and will be unable to return to St. Croix for the trial. As for Janis Parker Browne

---

[5] Based on counsel's representations—which the Court credits—it is apparent that counsel did her part in following up with Plaintiff. The responsibility for the failures here must be laid at the doorstep of Plaintiff herself.

[6] The instant Motion *in Limine* will therefore be denied as moot with respect to James Payne, John Son Son Baptiste, Franklin, Biggs, and Rashida George.

7

and Annette Parker, counsel represented that these two remaining witnesses—who will be offered to corroborate the testimony of Plaintiff regarding the merits of the underlying case against HOVENSA which forms the basis for Plaintiff's malpractice action—can be deposed within the two weeks remaining before trial. Defendant objected on the grounds, *inter alia*, that this last minute disclosure would adversely affect Defendant's ability to conduct any necessary follow-up discovery to obtain rebuttal evidence.

Although "[t]he party who fails to comply with Rule 26(a) [and (e)] bears the burden of demonstrating that the failure is substantially justified or harmless," *Jerome v. Water Sports Adventure Rentals & Equip., Inc.*, 2013 U.S. Dist. LEXIS 52931, at *6 (D.V.I. Apr. 12, 2013) (citation omitted), counsel for Plaintiff was unable to provide the Court with *any* justification for Plaintiff's failure to timely provide contact information for her witnesses—let alone a substantial one. Indeed, at the March 4, 2016, hearing, the Court expressed its concerns regarding the seemingly bad faith conduct by Plaintiff, and requested of counsel a "reasonable explanation" for Plaintiff's sixteen-month delay in providing contact information for Janis Parker Browne. Counsel candidly admitted that Plaintiff did not give her a reason and that she could not, personally, provide the Court with a reason.

In arguing that Defendant will not be prejudiced if allowed to conduct depositions within the two weeks remaining before trial, counsel for Plaintiff stated that Janis Parker Browne and Annette Parker are not new witnesses and that neither witness will testify about "new information." Counsel asserted that Defendant has been aware of the substance of the testimony of these witnesses since they were identified during discovery. Therefore, any testimony by these witnesses will not surprise Defendant. Counsel represented that, only if these witnesses present "new information"—i.e., information about other witnesses or information not previously disclosed—should the Court exclude their testimony at trial. The Court does not agree.

8

By providing Defendant with contact information for two key witnesses—an eyewitness and an ear witness to the incident at HOVENSA—on the eve of trial, Plaintiff has deprived Defendant of the opportunity to thoroughly investigate the testimony of those witnesses and prepare for any appropriate rebuttal. Defendant is now in a position—*approximately two years* after the information should initially have been disclosed, and *sixteen months* since Plaintiff indicated that she was in possession of the telephone number of one of the witnesses—where Defendant is forced to scramble to discover the details of the witnesses' knowledge and prepare to present an appropriate response.[7] This kind of discovery fire drill on the eve of trial is not what this Court's Orders or the Federal Rules of Civil Procedure contemplate—especially here, where no justification has been offered for Plaintiff's derelictions. In view of these circumstances, the Court does not find that Plaintiff's late disclosure of contact information was either substantially justified or harmless. *Cf. Gumbs-Heyliger v. CMW Assocs. Corp.*, 2014 U.S. Dist. LEXIS 154922, at *5 (D.V.I. Oct. 29, 2014) ("A failure to disclose may be harmless when there is no prejudice to the party entitled to disclosure.") (internal quotation marks and citation omitted).

The Court recognizes that exclusion of evidence "is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (quoting *Meyers*, 559 F.2d at 905). However, this case presents a classic example of precisely the kind of willful conduct and flagrant disregard of this Court's Orders and the governing Federal Rules of Civil Procedure that warrant the extreme sanction of exclusion. Indeed, consideration of the *Pennypack* factors confirms that exclusion is appropriate.

---

[7] In the underlying fact intensive personal injury matter against HOVENSA, Plaintiff alleges that "[s]he fell on the stairs of a bus owned by HOVENSA that was used to transport workers at the refinery," and that, "[a]s a result of this fall, she injured, *inter alia*, her back and right foot." (Dkt. No. 1 at 2).

This Court views as most significant here the glaring example of bad faith and willfulness on the part of Plaintiff. On February 25, 2014, the Court entered a Scheduling Order that required the parties to exchange initial disclosures, pursuant to Rule 26(a)(1), by March 25, 2014. (*See* Dkt. No. 10 at 1). Even if the names, addresses, and telephone numbers of witnesses were unknown to Plaintiff when she served her initial disclosure on March 25, 2014, she had an ongoing duty, under Rule 26(e), to supplement her initial disclosure "in a timely manner" if she learned that it was "in some material respect . . . incorrect or incomplete." FED. R. CIV. P. 26(e)(1)(A).

On May 13, 2014, the Court entered a second Scheduling Order that set October 31, 2014 as the deadline for "[a]ll factual discovery, including written discovery and fact witness depositions." (Dkt. No. 23). Seven days before that deadline, on October 23, 2014, Plaintiff responded to one of Defendant's interrogatories with the names of several individuals with discoverable information. (*See* Dkt. No. 50-2 at 6). Although the interrogatory requested addresses for these individuals, none were provided. (*See id.*). Rule 26(e) also requires a party who has responded to interrogatories to supplement a response "in a timely manner if the party learns that in some material respect the . . . . response is incorrect or incomplete." FED. R. CIV. P. 26(e)(1)(A). Plaintiff's interrogatory response was obviously incomplete because it lacked addresses as requested by the interrogatory. However, Plaintiff never sought to supplement her interrogatory response.

During her deposition on November 4, 2014, Plaintiff was asked for contact information for seven of the individuals she listed in her interrogatory response. (*See* Dkt. No. 56-1). She testified that she had a telephone number for Janis Parker Browne in her cell phone and agreed to provide it to Defendant's counsel (*id.* at 4), but never did. At the March 4, 2014, hearing, counsel for Plaintiff represented to the Court that she followed up with Plaintiff on the request for the telephone number several times and through various means—all to no avail. Not until the morning

10

of the hearing on Defendant's Motion *in Limine* did Janis Parker Browne—and another one of Plaintiff's witnesses, Annette Parker—contact Plaintiff's counsel. Counsel was unable to provide any explanation for the sixteen-month delay.

Further evidence of Plaintiff's bad faith and willfulness is the incomplete Rule 26(a)(3) pretrial disclosure of witnesses Plaintiff submitted on January 25, 2016. In addition to the disclosures required by Rule 26(a)(1), if a party seeks to present testimony of a witness at trial, the party must provide "the name and, if not previously provided, the address and telephone number of each witness" at least thirty days before trial or at the time otherwise ordered by the court. FED. R. CIV. P. 26(a)(3)(A)(i), (B). Here, the Trial Management Order entered in this case required the parties to file their respective Rule 26(a)(3) pretrial disclosures by January 25, 2016. (Dkt. No. 45). Despite not providing any contact information for her trial witnesses during discovery, and notwithstanding that Plaintiff admittedly had contact information for at least one of the two witnesses at issue here for over one year, Plaintiff's Rule 26(a)(3) pretrial disclosure of witnesses did not contain the addresses and telephone numbers of each witness, as required by the Rule. (*See* Dkt. No. 46). Thus even the imminence of trial and the Court's Order establishing deadlines for trial-related materials did not prompt Plaintiff to comply with her disclosure obligations.

Plaintiff's defiance—without justification or excuse—notwithstanding the requirements of the Federal Rules, requests for contact information from Defendant, multiple follow-up requests from Plaintiff's own counsel, and the Court's Orders, epitomizes a "flagrant disregard" for the judicial process and willful, bad faith conduct. *See Bouder v. Prudential Fin.*, 2010 U.S. Dist. LEXIS 51599, at *28 (D.N.J. May 21, 2010) ("Bad faith is often shown through violation of scheduling orders coupled with unsatisfactory explanations.") (citation omitted); *Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 589, 592 (D.N.J. 1994) ("The repeated violations of the scheduling orders, coupled with Exxon's unsatisfactory explanation for the instant violation[,] may

11

be characterized fairly as a willful and bad faith breach intended to[] circumvent the terms of the case management orders."). Plaintiff's conduct was particularly egregious given that the contact information sought was admittedly in her possession. Thus, the bad faith factor favors exclusion of the testimony at issue here.

The other *Pennypack* factors also support exclusion. As discussed above, the prejudice to Defendant is significant, given that Plaintiff did not disclose to Defendant any contact information for Janis Parker Browne and Annette Parker until *seventeen days* before trial and *sixteen months* after the close of factual discovery. The late disclosure of this information puts Defendant at a substantial disadvantage. If the witnesses were allowed to testify, the trial would, undoubtedly, have to be postponed in order to allow Defendant a fair opportunity to depose the witnesses and seek rebuttal evidence in the underlying fact intensive personal injury matter. Moreover, reopening discovery at this late stage of the litigation would disrupt the "orderly and efficient trial of the case," in a case that already is over two years old; that involves underlying activities that occurred nearly sixteen years ago; and for which there was more than ample opportunity for Plaintiff to comply with her discovery obligations.

Finally, the Court accepts Plaintiff's contention that Janis Parker Browne and Annette Parker are important witnesses for Plaintiff in that their testimony about the incident at HOVENSA is expected to corroborate that of Plaintiff in establishing the viability of Plaintiff's underlying case against HOVENSA. However, "even critical evidence may be excluded when the discovery violation is flagrant." *Jerome v. Water Sports Adventure Rentals & Equip., Inc.*, 2013 U.S. Dist. LEXIS 52931, at *6 (D.V.I. Apr. 12, 2013) (citing cases); *see also Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (holding that critical evidence may be excluded when party flagrantly or willfully disregards a scheduling order). Here, the length of the delay in providing contact information for witnesses, the lack of any justification for the delay, the repeated

12

violations of Rule 26 and the Court's Orders, Plaintiff's apparent disregard of her counsel's multiple requests for contact information, the fact that Plaintiff admittedly had the contact information in her possession at least sixteen months prior to its production, and the fact that the contact information was not provided until after Defendant sought to exclude testimony at trial, demonstrate a willful, flagrant and inexcusable breach of Plaintiff's disclosure obligations.

Accordingly, the Court finds that the *Pennypack* factors favor excluding the testimony of Janis Parker Browne and Annette Parker at trial.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to demonstrate that her untimely disclosure of contact information for Janis Parker Browne and Annette Parker was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). Therefore, the Court will exclude the testimony of these witnesses at the trial of this matter.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 15, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge