**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JESSICA BAPTISTE, )<br>)<br>    Plaintiff, )<br>    v. )<br>)<br>LEE J. ROHN, INDIVIDUALLY AND )<br>D/B/A LAW OFFICES OF LEE J. ROHN, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 2013-0104 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Gordon C. Rhea, Esq.,**
St. Thomas, U.S.V.I.
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER came before the Court for a Pretrial Conference on March 16, 2016. At the Pretrial Conference, the parties presented oral argument on, *inter alia*, the following three issues: (1) the adoption of the "case-within-a-case" doctrine as the standard for civil legal malpractice cases in the Virgin Islands; (2) the applicable burden of proof in a civil legal malpractice case brought in the Virgin Islands; and (3) the appropriate award of damages in a Virgin Islands civil legal malpractice action.[1] The Court's rulings on each of these three issues, as previously announced orally on March 21, 2016, and the rationale for those rulings follow.[2]

---

[1] These issues were raised by the parties in their "Joint Final Pretrial Order" (Dkt. No. 68) and respective Trial Briefs (Dkt. Nos. 73, 79). Pursuant to an Order entered by the Court on March 17, 2016 (Dkt. No. 90), the parties provided supplemental briefing on the second and third issues. (*See* Dkt. Nos. 94, 100, 96, and 99, respectively).

[2] On March 21, 2016, the Court advised the parties in open court of its ruling on each of the issues discussed herein, and informed the parties that the rationale for the Court's rulings would follow.

## I.   BACKGROUND

Plaintiff Jessica Baptiste ("Plaintiff") brings this action against Lee J. Rohn, individually and d/b/a Law Offices of Lee J. Rohn ("Defendant"), alleging legal malpractice and breach of contract. (*See* Dkt. No. 1). In the Complaint, Plaintiff alleges that Defendant negligently failed to file her personal injury lawsuit against HOVENSA within the applicable statute of limitations; that, as a result, her complaint against HOVENSA in the Superior Court of the Virgin Islands was dismissed; and that the dismissal was affirmed on appeal. (*Id.*). Plaintiff also alleges in the Complaint that Defendant "promised that she would pay . . . the value of the case against HOVENSA if the [dismissal] was not reversed," but has failed to do so. (*Id.*). Plaintiff seeks damages for Defendant's alleged malpractice and breach of contract, as well as attorney's fees and costs. (*Id.*).

## II.   DISCUSSION

### A.  Applicable Legal Principles

To establish a legal malpractice claim, under Virgin Islands law, the plaintiff must prove "1) the attorney-client relationship giving rise to a duty; 2) breach of that duty; 3) the causal connection between the negligent conduct and the resulting injury, and 4) actual loss or damage." *Simon v. Joseph*, 59 V.I. 611, 621-22 (V.I. 2013) (quoting *Moorehead v. Miller*, 102 F.R.D. 834, 838, 21 V.I. 79 (D.V.I. 1984)). An essential element of a legal malpractice claim is proof of actual loss or damage. *See Phaire v. Galiber-Babb*, 26 V.I. 144, 147 (V.I. Terr. Ct. 1991) ("[A] necessary element for a legal malpractice claim as a species of negligence is actual damage to the plaintiff[.]").[3] However, the Supreme Court of the Virgin Islands has not yet established the applicable standard for determining actual loss or damage in a civil legal malpractice action.

---

[3] "[A] legal malpractice action may sound in either tort or contract depending on the facts alleged in the complaint." *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 129 (V.I. 2009). The instant legal malpractice action was pleaded as a negligence (or tort) action. (*See* Dkt. No. 1).

In a line of cases beginning with *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011), the Supreme Court of the Virgin Islands held that, in the absence of Supreme Court precedent on a common law rule, [4] courts in the Virgin Islands must conduct what has become known as a "*Banks* analysis" to determine which legal standard to adopt. *See Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 757 (V.I. 2014); *Gov't of the V.I. v. Connor*, 60 V.I. 597, 603 (V.I. 2014). In a *Banks* analysis, a court balances "three non-dispositive factors":

> (1) whether any [local or federal] courts [in the Virgin Islands] have previously adopted a particular rule;
> (2) the position taken by a majority of courts from other jurisdictions; and
> (3) most importantly, which approach represents the soundest rule for the Virgin Islands.

*Simon*, 59 V.I. at 623 (citing *Matthew v. Herman*, 56 V.I. 674, 680-81 (V.I. 2012)).

**B. Analysis**

The Court recognizes that the Supreme Court of the Virgin Islands has held that the Restatements of the Law no longer constitute binding legal authority in the Virgin Islands. *See Banks*, 55 V.I. at 984. However, as the Supreme Court stated in *Simon v. Joseph*, 59 V.I. 611 (V.I. 2013), "[a]lthough only representing non-binding persuasive authority . . . the Restatements of the Law promulgated by the American Law Institute remain a helpful guide to determining how other jurisdictions approach the question of legal malpractice claims[.]" *Id.* at 623 (internal citation omitted). Section 53 of THE RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS provides:

> In a lawyer-negligence or fiduciary-breach action brought by one who was the plaintiff in a former and unsuccessful civil action, the plaintiff usually seeks to recover as damages the damages that would have been recovered in the previous action or the additional amount that would have been recovered but for the defendant's misconduct. To do so, the plaintiff must prove by a preponderance of the evidence that, but for the defendant lawyer's misconduct, the plaintiff would have obtained a more favorable judgment in the previous action. The plaintiff must thus prevail in a "trial within a trial." All the issues that would have been litigated in the previous action are litigated between the plaintiff and the plaintiff's former

---

[4] The Supreme Court of the Virgin Islands has held that "legal malpractice is a common law cause of action." *Simon v. Joseph*, 59 V.I. 611, 621 (V.I. 2013) (citing *Arlington Funding Servs.*, 51 V.I. at 129, 134-35).

3

>   lawyer, with the latter taking the place and bearing the burdens that properly would have fallen on the defendant in the original action. Similarly, the plaintiff bears the burden the plaintiff would have borne in the original trial; in considering whether the plaintiff has carried that burden, however, the trier of fact may consider whether the defendant's lawyer's misconduct has made it more difficult for the plaintiff to prove what would have been the result in the original trial.

RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 53 cmt. b.

### 1. The "case-within-a-case" doctrine.

Although the Supreme Court of the Virgin Islands has not expressly adopted a standard for adjudicating actual loss or damage for legal malpractice actions in the civil context, it has done so in the criminal context. In *Simon v. Joseph*, 59 V.I. 611 (V.I. 2013), the Supreme Court, after conducting a *Banks* analysis, adopted the majority rule in criminal legal malpractice actions that a criminal defendant "must have his convictions set aside [on appeal or by collateral attack] prior to filing suit for legal malpractice." *Id*. at 624-25. This requirement in a criminal legal malpractice action is akin to the traditional "case-within-a-case" standard in the context of civil legal malpractice actions. *See, e.g.*, *Zephir v. Bourne*, 2012 V.I. LEXIS 5, 11-12 n.25 (V.I. Super. Ct. Jan. 30, 2012) (finding the petitioner "did not provide any evidence that he would have obtained a different result in the custody battle absent the[] shortcomings" of his former counsel);[5] *Moorehead*, *supra*, 102 F.R.D. at 838 (stating that "[the plaintiff] is . . . required to establish by the preponderance of evidence that he would have recovered a judgment in the underlying defamation action, and that it would have been recoverable").

---

[5] In *Zephir v. Bourne*, 2012 V.I. LEXIS 5 (V.I. Super. Ct. Jan. 30, 2012), the Superior Court of the Virgin Islands cited to the following cases in support: *Ignarski v. Norbut*, 648 N.E.2d 285, 288 (Ill. App. Ct. 1st Dist. 1995) ("Plaintiff is required to establish that but for the negligence of counsel, he would have successfully prosecuted or defended against the claim in the underlying suit."); *Roberts v. Sokol*, 330 S.W.3d 576, 580 (Mo. Ct. App. 2011) ("To establish a claim for legal malpractice, a plaintiff must prove that . . . but for the attorney's conduct the client would have been successful in the prosecution of the underlying claim."); *Fenster v. Smith*, 832 N.Y.S.2d 572, 573 (Sup. Ct. App. Div. 2007) ("[T]he complaint against defendant Smith was properly dismissed since plaintiffs failed to demonstrate that they would have been successful in the underlying proceeding but for Smith's alleged malpractice."); *Tommy Gio, Inc. v. Dunlop*, 348 S.W.3d 503, 507 (Tex. Ct. App. 2011) ("When the plaintiffs allegation is that some failure on the attorney's part caused an adverse result in prior litigation, the plaintiff has the burden to prove that, but for his attorney's negligence, he would have prevailed in the underlying case.").

A survey of case law from other jurisdictions reveals that proof of actual loss or damage in a civil legal malpractice action requires the plaintiff to prove a "case within a case." In other words, the plaintiff must prove the merits of the underlying case.[6]

In determining whether this legal standard should be adopted in the Virgin Islands, the Court notes that the Supreme Court of the Virgin Islands has made clear that the plaintiff in a legal malpractice action must prove "actual loss or damage." *See Simon*, 59 V.I. at 622 (quoting *Moorehead v. Miller*, 102 F.R.D. 834, 838, 21 V.I. 79 (D.V.I. 1984)). This Court agrees with the many jurisdictions that have concluded that the most appropriate way of doing so is for the plaintiff "to prove that he had a viable cause of action against the party he wished to sue in the underlying case[.]" *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998). Accordingly, consistent with those jurisdictions, the Court finds that the "case-within-a-case" standard is an appropriate standard to

---

[6] *See, e.g.*, *Redding v. Estate of Sugarman*, 535 F. App'x 99, 100 (3d Cir. 2013) (stating that, under Pennsylvania law, "[i]n order to prove damages, [the plaintiff] was required to prove the 'case within a case'—i.e., to show by a preponderance of evidence that, but for [the defendant's] alleged failure to retain an expert, she would have prevailed in the underlying medical malpractice action") (citation omitted); *First Union Nat'l Bank v. Benham*, 423 F.3d 855, 860 (8th Cir. 2005) ("To prove damages and proximate cause, [under Arkansas law, the plaintiff] must show that, but for the alleged negligence of [the defendant], the result in the underlying action would have been different. This requires [the plaintiff] to prove a case within a case[.]" (internal citation omitted); *Dixon Ticonderoga Co. v. Estate of O'Connor*, 248 F.3d 151, 175 n.15 (3d Cir. 2001) (concluding that, under New Jersey law, the case *sub judice* was "a straightforward example of the case-within-a-case phenomenon that often arises in professional malpractice litigation"); *Duran v. Moody*, 2012 U.S. Dist. LEXIS 97977, at *8-9 (S.D.N.Y. July 11, 2012) ("In a legal malpractice case alleging damages resulting from the loss of a claim, a plaintiff must meet the 'case within a case' requirement, demonstrating that 'but for' the attorney's conduct the [plaintiff] would have prevailed in the underlying matter.") (alteration in original; internal quotation marks and citation omitted); *Hartz v. Farrugia*, 2009 U.S. Dist. LEXIS 27335, at *6 n.4 (E.D. La. Mar. 31, 2009) ("In legal malpractice cases[,] Louisiana has traditionally employed a 'case within a case' requirement such that the plaintiff must prove not only that the attorney was negligent in handling his client's claim but also that the underlying claim would have been successful but for the attorney's omission.") (citation omitted); *Cecala v. Newmann*, 532 F. Supp. 2d 1118, 1135 (D. Ariz. 2007) ("The 'case-within-a-case' method is the accepted and traditional means of resolving the issues involved in the underlying proceeding in a legal malpractice action, whether sounding in negligence or breach of fiduciary duty.") (internal quotation marks and citation omitted); *Matteo Forge, Inc. v. Arthur Young & Co.*, 60 Cal. Rptr. 2d 780, 790 (Cal. Ct. App. 1997) (applying the trial-within-a-trial approach, under California law, to a plaintiff's malpractice claim against an accountant providing litigation support services, and stating that "in order to prevail against [the defendant] in this action, [the plaintiff] has the burden to establish that had [the defendant] properly handled the underlying case, [the plaintiff] would have prevailed [in its underlying action]"); *id.* at 789-90 (noting that this doctrine is accepted in several other jurisdictions, including Ohio, Oregon, Illinois, and Iowa).

adopt for civil legal malpractice actions.[7] The Court further finds that adoption of the "case-within-a-case" standard for civil legal malpractice actions is "the soundest rule" for the Virgin Islands. The Court will therefore apply the "case-within-a-case" standard in this case.

## 2. The applicable burden of proof.

The Supreme Court of the Virgin Islands has established that the burden of proof rests with the plaintiff to prove each of the four elements of a legal malpractice claim. *See Simon*, 59 V.I. at 621-22. Plaintiff contends, however, that there is an exception to this general rule. Specifically, she argues that because Defendant's negligence in the underlying case "hinders" her ability to prove her claim against HOVENSA, the burden of proof should shift to Defendant "to prove that [Plaintiff] would not have recovered damages in the underlying case by way of judgment or settlement." (Dkt. No. 94 at 1). Defendant asserts that the burden of proof remains with Plaintiff. (*See* Dkt. No. 100 at 5-7).

In support of her argument that the burden of proof should shift to Defendant in this case, Plaintiff cites to *Winter v. Brown*, 365 A.2d 381, 385 (D.C. 1976). However, the Court of Appeals in *Winter* did not shift the burden of proof to the defendant attorneys. Rather, it affirmed the

---

[7] In legal malpractice actions where, as here, it is alleged that the attorney's negligence resulted in the loss of a claim being pursued by the client, it has generally been held that the value of the lost claim—i.e., the amount the client would have recovered but for the attorney's negligence—is a proper element of the damages the client may recover in the legal malpractice action. *See Hamilton v. Silven, Schmeits & Vaughan*, 2013 U.S. Dist. LEXIS 74352, at *20-21 (D. Or. May 28, 2013) (quoting 7A C.J.S. Attorney & Client § 335); *see also Arlington Funding Servs.*, 51 V.I. at 126 n.5 (quoting *Whiteaker v. State*, 382 N.W.2d 112, 113 (Iowa 1986)). The amount the client would have recovered in the prior action but for the attorney's alleged negligence is generally determined by the "case-within-a-case" method. *See Redding*, *supra*, 535 F. App'x at 100. However, expert testimony as to the likely settlement value of a lost prior claim has been held to be a proper measure of damages in a legal malpractice action where the circumstances of the prior case indicate that the case would most likely have settled before trial. *See, e.g.*, *Booth v. Davis*, 57 F. Supp. 3d 1319, 1322 (D. Kan. 2014) (finding that "trial-within-a-trial proof is not a legal prerequisite . . . in some cases involving settlements," and that Missouri "courts have approved expert testimony regarding the settlement value"); *see also Duncan v. Lord*, 409 F. Supp. 687(E.D. Pa. 1976).

Here, Plaintiff has maintained that the underlying case against HOVENSA had settlement value and that the alleged loss of that settlement value is proof that she suffered actual damages. However, as noted above, where the circumstances of a case render settlement value at issue, the settlement value of a lost prior claim requires expert testimony. Even assuming that the relevant circumstances were present here, Plaintiff has not identified any expert witnesses who will testify about the settlement value of the underlying case against HOVENSA. Therefore, settlement value is not at issue here.

judgment against the attorneys finding that "[a]t trial, appellees proved to the satisfaction of the jury that appellants 'were negligent in serving [appellees] as their lawyers' with the proximate result that appellees were deprived of a cause of action against Prince George's County that could successfully have been pursued, and that appellees were damaged thereby." *Id*. at 383.

Nonetheless, there is some support for the proposition that, in legal malpractice cases alleging professional negligence, the burden of proof on the issue of causation may be shifted to the defendant. For example, in California, the Court of Appeals has shifted the burden of proof to the defendant-attorney where the defendant-attorney's negligence made it "impossible" for the plaintiff-client to prove the underlying case. In *Galanek v. Wismar*, 68 Cal. App. 4th 1417 (1999), the plaintiff brought a legal malpractice action against her former attorney and his law firm based on the attorney's alleged negligent spoliation of evidence while representing the plaintiff in a products liability case against a car manufacturer—i.e., the attorney failed to take reasonable steps to prevent the destruction of the car the plaintiff had been driving when she was injured. *See id*. at 1420. The court held that:

> [the] plaintiff alleged sufficient facts in her opening statement to state a prima facie case of causation so as to shift the burden of proof to defendants to establish that the attorney's negligence did not cause plaintiff to lose a meritorious products liability claim. Plaintiff alleged that the attorney's negligence in failing to preserve her car made it impossible for her to prove her case against the manufacturer. If she could not prove her case against the manufacturer, it followed that she could not conclusively prove proximate causation in the [malpractice] action. Since the attorney's negligence in failing to preserve the car was what made it impossible for plaintiff to prove causation, as a matter of public policy it was more appropriate to hold defendants liable than to deny plaintiff recovery, unless defendants could prove that the negligence did not damage plaintiff. To require plaintiff to establish causation would have permitted defendants to take advantage of the lack of proof resulting from the attorney's own negligence.

*Id*. at 1426; *see also Thomas v. Lusk*, 27 Cal. App. 4th 1709, 1717 (1994) (stating that "when the defendant's negligence makes it impossible, as a practical matter, for plaintiff to prove proximate causation conclusively, it is more appropriate to hold the defendant liable than to deny an innocent

7

plaintiff recovery, unless the defendant can prove that his negligence was *not* a cause of the injury") (emphasis in original) (internal quotation marks and citations omitted).[8]

Plaintiff has made no attempt to demonstrate, pursuant to a *Banks* analysis, that this exception to the general burden of proof allocation should be adopted as the law in the Virgin Islands. Instead, she cites to only one case and neglects to provide any support for the adoption of this exception to the general rule in the Virgin Islands that the plaintiff bears the burden of proving each of the four elements of a legal malpractice claim. (*See* Dkt. No. 94 at 4 (citing *Jenkins v. St. Paul Fire & Marine, Ins. Co.*, 422 So.2d 1109, 1110 (La. 1982)).

In any event, even assuming—without deciding—that this exception applies in this jurisdiction, Plaintiff has not even alleged that her case meets this standard. In this case, Plaintiff alleges that Defendant negligently failed to file her personal injury lawsuit against HOVENSA within the applicable statute of limitations. Even assuming *arguendo* that Defendant was negligent in failing to timely file the lawsuit, Plaintiff has not alleged that Defendant's failure to timely file makes it "impossible" for her to prove causation in this legal malpractice action. At best, she claims that Defendant's negligence in the underlying case somehow "hinders"—not renders impossible—her ability to prove her claim against HOVENSA. (*See* Dkt. No. 94 at 1). In addition, she fails to make the connection between the alleged negligence (failure to timely file) and the claimed hindrance. Thus, even assuming that Plaintiff had established the applicability of this exception in this jurisdiction, the Court finds that Plaintiff has failed to plead facts or otherwise show how this narrow exception to the usual allocation of proof would apply here.[9]

---

[8] The Court of Appeals in *Lusk* concluded that a shifting of the burden of proof was not warranted under the facts presented in the case. *See Lusk*, 27 Cal. App. 4th at 1718. However, it stated that it "would not entirely foreclose shifting the burden of proof of causation in actions for legal malpractice[.]" *Id.*

[9] Plaintiff did not plead or otherwise allege that Defendant was negligent in preserving evidence in the underlying case. The only claimed negligence is that "[Defendant] failed to timely file [Plaintiff's] lawsuit against HOVENSA." (Dkt. No. 94 at 1; *see also* Dkt. No. 1 at 5, ¶ 25).

### 3. The appropriate award of damages.

Defendant requests that "any damages awarded to Plaintiff be reduced by the costs and attorney's fee expended in securing those damages, i.e., that the [Plaintiff] be awarded net rather than gross damages." (Dkt. No. 96 at 1). She explains that under her contract with Plaintiff, Plaintiff was "required to pay a 33 and 1/3 contingent fee and the expenses necessary to prove [the] case, including expert fees, out of the proceedings of any judgment." (Dkt. No. 79 at 4-5). Defendant contends that "the proper measure of damages" in a legal malpractice action is "what the client lost as a result of the attorney's negligence," which "requires the deduction of all expenses which the client would have incurred in order to successfully prosecute his claim, including the attorney's fee expense." (*Id*. at 5-6 (quoting *Horn v. Wooster*, 165 P.3d 69, 75 (Wyo. 2007) (internal quotation marks omitted); *see also* Dkt. No. 96 at 4-5).

Plaintiff responds that "the verdict in a legal malpractice case *should not* be reduced to reflect the amount of an underlying contingency fee agreement" because it "would effectively penalize Plaintiff for having to employ (and pay via contingency fee) two attorneys to get the result she should have obtained in the underlying action." (Dkt. No. 99 at 1 (emphasis in original)). According to Plaintiff, "the majority rule is that the award in a legal malpractice case is *not* reduced by the amount of the underlying contingency fee agreement." (*Id*. at 2-3 (citing cases) (emphasis in original)). Plaintiff asserts that the Court "should follow the majority rule and refuse to reduce Plaintiff's damages award by the amount of Defendant's contingency fee." (*Id*. at 2).

A review of the case law in the Virgin Islands has not revealed any decisions by Virgin Islands courts—whether federal or local—addressing the issue of gross versus net recovery in a legal malpractice case. Other jurisdictions that have addressed the issue are divided as to the effect of contingency fee agreements on calculating legal malpractice damages. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 232 S.W.3d 883, 897 (Tex. App. 2007);

9

*Carbone v. Tierney*, 864 A.2d 308, 319-20 (N.H. 2004); *see also* John E. Theuman, Measure and Elements of Damages Recoverable for Attorney's Negligence in Preparing or Conducting Litigation, 90 A.L.R.4th 1033 § 14(a)-(c) (2006) (discussing conflicting views).

In some jurisdictions, courts have held that damages in a legal malpractice action should be reduced by the amount of a contingency fee because a contrary position would violate the basic rule that damages are compensatory and must not put the plaintiff in a better position than she would have been in but for her attorney's negligence. *See, e.g.*, *Moores v. Greenberg*, 834 F.2d 1105, 1111-113 (1st Cir. 1987) (stating that "the fundamental purpose of [] damages is to compensate a plaintiff, not punish a defendant"); *Sitton v. Clements*, 257 F. Supp. 63, 66 (E.D. Tenn. 1966), *aff'd*, 385 F.2d 869 (6th Cir. 1967) (finding deduction of the fee appropriate because only then does the legal malpractice award accurately reflect the amount the plaintiff would have recovered); *McGlone v. Lacey*, 288 F. Supp. 662, 665 (D.S.D. 1968) (holding that the contingent fee must be deducted in legal malpractice action); *Horn v. Wooster*, 165 P.3d 69, 75 (Wyo. Aug. 1, 2007) (finding "no reason for creating an exception to the American rule when legal malpractice is involved").

A number of other jurisdictions have rejected such a deduction on various grounds, including that attorneys should not be credited with the fee they failed to earn in the prior litigation, and that the expense in bringing the legal malpractice action cancels any windfall the client may receive in not paying a contingency fee to prior counsel. *See, e.g.*, *Duncan v. Lord*, 409 F. Supp. 687, 691 (E.D. Pa. 1976) (deduction fails to fully compensate the plaintiff); *Carbone v. Tierney*, 864 A.2d 308, 320 (N.H. 2004) (finding it inequitable to reduce the verdict in a legal malpractice action by the amount of the contingency fee); *Akin, Gump, Strauss, Hauer & Feld*, 232 S.W.3d at 898 (stating "[t]o give the firm a credit for a contingency fee it failed to earn would be to reward its wrongdoing"); *Winter v. Brown*, 365 A.2d 381, 386 (D.C. 1976) (stating "[the] damages

sustained . . . include the cost of additional litigation in order to recover on [plaintiff's] original claim . . .[and such] additional attorney's fees cancel out any attorney's fees that [plaintiff] might have owed [defendant] had [he] successfully prosecuted the case"); *Andrews v. Cain*, 406 N.Y.S.2d 168, 169 (N.Y. App. Div. 1978) (concluding that "deducting a [] contingency fee fails to compensate plaintiffs fully for their loss of jury verdicts or settlements, since any fee which plaintiffs may have had to pay the defendant had he successfully prosecuted the suit is canceled out by the attorney's fees plaintiffs have incurred in retaining counsel in the present action").

Several other jurisdictions have adopted a "middle-road approach" and applied the doctrine of *quantum meruit* to determine whether a verdict in a legal malpractice action should be reduced to reflect a contingency fee. *See, e.g.*, *Schultheis v. Franke*, 658 N.E.2d 932, 941 (Ind. Ct. App. 1995); *Strauss v. Fost*, 517 A.2d 143, 145 (N.J. Super. Ct. App. Div. 1986); *Foster v. Duggin*, 695 S.W.2d 526, 527 (Tenn. 1985). These courts have reasoned that circumstances may exist where an otherwise negligent attorney rendered some beneficial services to the plaintiff. *See, e.g.*, *Schultheis*, 658 N.E.2d at 941 (holding that "an attorney who renders services for a client and is thereafter sued for malpractice is entitled to a deduction in the malpractice award equal to the reasonable value of his or her services on a theory of quantum meruit"). Under this approach, "the jury would be required to determine whether the negligent lawyer provided services benefitting the plaintiff and, if so, to assign a value to those services and reduce the damages award accordingly." *Akin, Gump, Strauss, Hauer & Feld*, 232 S.W.3d at 898 (citing *Carbone*, 864 A.2d at 320).

Upon consideration of the law in various jurisdictions, the Court finds that "the soundest rule" for the Virgin Islands is not to reduce a damage award in a legal malpractice action by the amount of an underlying contingency fee agreement. Defendant was entitled to a contingency fee *only if* Plaintiff prevailed in the underlying suit against HOVENSA. (*See* Dkt. No. 99-1 at 1). It is

11

undisputed that the underlying suit against HOVENSA was dismissed as untimely. Therefore, Plaintiff did not prevail and Defendant did not earn her contingency fee. Additionally, the Court finds persuasive the position that it is inequitable to ignore the penalty the plaintiff suffers by "having to employ two attorneys to get the result the plaintiff should have obtained in the original action." *Carbone*, 864 A.2d at 320. This same rationale applies to expenditures for costs. Accordingly, the Court will adopt the gross award legal standard and any damages awarded for legal malpractice in this case will not be reduced by the one-third contingency fee or other costs of the underlying action against HOVENSA.

### III. CONCLUSION

For the foregoing reasons, the Court will apply the "case-within-a-case" doctrine in this legal malpractice action; reject Plaintiff's argument that the Court should depart from the usual burden of proof allocation in civil legal malpractice cases; and deny Defendant's request to reduce any award of damages in this case by the one-third contingency fee and other costs of the underlying case.

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 29, 2016

_____/s/_____
WILMA A. LEWIS
Chief Judge