DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JESSICA BAPTISTE,<br><br>     **Plaintiff,**<br><br>  v.<br><br>LEE J. ROHN, INDIVIDUALLY AND<br>D/B/A LAW OFFICES OF LEE J. ROHN,<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>) **Civil Action No. 2013-0104**<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff*

**Gordon C. Rhea, Esq.,**
St. Thomas, U.S.V.I.
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on Defendant's "Motion *in Limine* to Exclude Any Evidence, Reference or Argument Regarding Settlement Letter," filed on February 1, 2016 (Dkt. No. 51); Plaintiff's Opposition, filed on February 8, 2016 (Dkt. No. 57); and Defendant's Reply, filed on February 16, 2016 (Dkt. No. 62). At a Pretrial Conference held on March 16, 2016, the parties presented oral argument on, *inter alia*, Defendant's Motion *in Limine* and, pursuant to an Order entered by the Court on March 17, 2016 (Dkt. No. 90), provided supplemental briefing (Dkt. Nos. 93, 106). For the foregoing reasons, the Court, as previously announced orally on March 21, 2016, will grant Defendant's Motion *in Limine*.[1]

---

[1] On March 21, 2016, the Court advised the parties in open court of its ruling on Defendant's Motion *in Limine*, and informed the parties that the rationale for the Court's ruling would follow.

I.      BACKGROUND

Plaintiff Jessica Baptiste ("Plaintiff") brings this action against Lee J. Rohn, individually and d/b/a Law Offices of Lee J. Rohn ("Defendant"), alleging legal malpractice and breach of contract. (*See* Dkt. No. 1). In the Complaint, Plaintiff alleges that Defendant negligently failed to file her personal injury lawsuit against HOVENSA within the applicable statute of limitations; that, as a result, her complaint against HOVENSA in the Superior Court of the Virgin Islands was dismissed; and that the dismissal was affirmed on appeal. (*Id*.). Plaintiff also alleges in the Complaint that Defendant "promised that she would pay . . . the value of the case against HOVENSA if the [dismissal] was not reversed," but has failed to do so. (*Id*.).

In the instant Motion *in Limine*, Defendant seeks to "prohibit Plaintiff from using in any manner a demand letter used for settlement purposes in the underlying litigation" against HOVENSA. (Dkt. No. 51 at 1). Defendant claims that "Plaintiff may try to introduce [the] settlement letter . . . as evidence or proof of Plaintiff's economic damages and HOVENSA's liability." (*Id*. at 2). According to Defendant, "Plaintiff cannot utilize [the] settlement letter as evidence for any purpose, including impeachment, pursuant to the clear and explicit language of Federal Rule of Civil Procedure 408." (*Id*.). Defendant contends further that "the letter qualifies for exclusion under Rule 403" because it "is not relevant[,] . . . unfairly prejudicial and would mislead the jury." (*Id*.).

In response, Plaintiff argues that, "where the settlement demand is offered as evidence by the party against the party's agent, the policies behind Rule 408 are not implicated." (Dkt. No. 57 at 2). She contends that "[t]he purpose [of Rule 408] is to allow *the parties* to negotiate without being inhibited in their communications," and that because Defendant was an agent, and not a party, in the underlying litigation against HOVENSA, Rule 408 is "inapplicable." (*Id*. (emphasis in original)). Plaintiff contends further that the demand letter is relevant and probative "of the

2

damage that Plaintiff suffered as a result of Defendant's negligence," and that it "presumptively offers [Defendant's] honest and truthful assessment of the [value of the] case." (*Id*. at 5).

In her Reply, Defendant maintains that the demand letter is inadmissible under Rule 408 and states that "the settlement letter is inadmissible even where Plaintiff intends to offer it as evidence against . . . a nonparty to the HOVENSA matter." (Dkt. No. 62 at 3). Defendant also argues that "statements made by an attorney, while acting in the course and scope of the representation cannot subsequently be used against the attorney in a malpractice proceeding, under either a theory of estoppel or party admission." (*Id*. at 3-4). She argues further that "evidence of what a case could have settled for can only be established through expert testimony." (*Id*. at 5). Defendant asserts that the settlement letter is neither probative nor relevant to "any actual damages Plaintiff intends to assert at trial," and that "any probative value is drastically outweighed by [] severe prejudice and jury confusion[.]" (*Id*. at 7).[2]

## II. DISCUSSION

### A. Applicable Legal Principles

Under Rule 408, evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise" a claim is inadmissible "on behalf of any party" when offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408(a)(1); *see also Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009). Evidence of "conduct or a statement made during compromise negotiations" is also inadmissible under Rule 408. FED. R. EVID. 408(a)(2). Such evidence may be admitted, however, if offered "for another purpose, such as proving a witness's bias or prejudice, negating a contention

---

[2] Defendant also states in her Reply that Plaintiff argued in her Opposition that the settlement letter "is probative of negligent settlement advice." (Dkt. No. 62 at 5). However, as Defendant states, Plaintiff is not claiming negligent settlement advice. (*See id*.; *see also* Dkt. No. 1 at 5, ¶ 25).

3

of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." FED. R. EVID. 408(b).

The Advisory Committee to Rule 408 has noted that exclusion of settlement evidence is based on two grounds. First, the evidence "is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions." *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) (summarizing FED. R. EVID. 408 advisory committee's note). Second, the exclusion "illustrates Congress' desire to promote a public policy favoring the compromise and settlement of claims by insulating potential litigants from later being penalized in court for their attempts to first resolve their disputes out of court." *Id*. Both grounds are relevant here.

### B. Analysis

The settlement letter at issue here was sent to HOVENSA in an attempt to settle a personal injury action that Plaintiff brought against HOVENSA. Defendant represented Plaintiff in that action. The letter was sent to HOVENSA after the personal injury action had been dismissed by the Superior Court of the Virgin Islands as untimely and was pending on appeal in the Appellate Division of this Court.[3] In the letter, Defendant, on behalf of Plaintiff, provided to HOVENSA a thorough assessment of the case—including her analysis and opinion on liability—and represented that she was "willing to recommend to [Plaintiff] that she settle [the lawsuit] for 1.5 [m]illion [dollars] to avoid further litigation costs." (Dkt. No. 57-1 at 5). Armed with the dismissal of the case by the Superior Court, HOVENSA "took the position that it would not offer any money under any circumstances[.]" (Dkt. No. 57-2).

---

[3] The Appellate Division ordered the parties to mediate the case. (Dkt. No. 57 at 4).

4

### 1. Standing

As an initial matter, Plaintiff asserts that Defendant lacks standing to challenge the admissibility of the settlement letter under Rule 408 because she was not a party in the underlying case against HOVENSA. (*See* Dkt. No. 57 at 1-2; Dkt. No. 106 at 4). However, Plaintiff has not cited any case authority for this proposition. Indeed, courts have held otherwise. *See, e.g.*, *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1069 (5th Cir. 1986) ("Even where the evidence offered favors the settling party and is objected to by a party not involved in the settlement, Rule 408 bars the admission of such evidence unless it is admissible for a purpose other than 'to prove liability for or invalidity of the claim or its amount.'"); *see also Buescher v. Baldwin Wallace Univ.*, 86 F. Supp. 3d 789, 796 (N.D. Ohio 2015) ("[P]laintiffs contend that Rule 408 does not apply to non-parties, and because plaintiffs were not parties to the Consent Agreement, it cannot be excluded. But, plaintiffs cite no authority to support this argument. Rather, cases have excluded consent agreements where plaintiffs were not parties to the agreement.").

That courts have included parties not involved in settlements within the protection of Rule 408 is not surprising. As it pertains to this legal malpractice "case-within-a-case" context, Defendant (a non-party to the settlement negotiations) is, in effect, standing in the shoes of HOVENSA (a party to the settlement negotiations), because she must first defend against Plaintiff's claim that HOVENSA engaged in negligent conduct. *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 53 cmt. b (explaining, in the context of a "case within a case," that "[a]ll the issues that would have been litigated in the previous action are litigated between the plaintiff and the plaintiff's former lawyer, with the latter taking the place and bearing the burdens that properly would have fallen on the defendant in the original action"). Thus, Defendant should have the same standing to challenge the admissibility of the settlement letter under Rule 408 as HOVENSA had in the underlying suit.

This conclusion follows from the language of Rule 408 as well as the policy considerations that support it. Rule 408 explicitly states that evidence of settlement negotiations is inadmissible "on behalf of any party." FED. R. EVID. 408(a). There is no question that Plaintiff was a party in the underlying litigation against HOVENSA, and she is a party in the instant litigation. Because settlement negotiations are inadmissible "on behalf of any party," the introduction of the settlement letter here on Plaintiff's behalf would necessarily run afoul of the Rule, unless it falls within one of the exceptions. Moreover, the Rule does not state that only parties to the underlying suit may invoke its protection. It applies to "any party." As a party to this litigation, Defendant falls within the umbrella of the Rule's protection.

Finally, the same policy rationale for excluding evidence of settlement negotiations between the parties in the underlying suit—given the chilling effect such disclosure would have on settlements—applies to subsequent malpractice litigation between a party and her former lawyer. "If statements and arguments made by counsel in furtherance of a client's claim were routinely deemed to constitute binding admissions against a lawyer in a subsequent legal malpractice action, it could conceivably have a chilling impact upon the vigor and resulting effectiveness of counsel's advocacy." *Barcola v. Hourigan, Kluger & Quinn P.C.*, 2006 Pa. Dist. & Cnty Dec. LEXIS 483, at *23 (Pa. County Ct. 2006); *see also Encyclopedia Britannica, Inc. v. Dickstein Shapiro, LLP*, 905 F. Supp. 2d 150, 156 (D.D.C. 2012) ("[A]pplying judicial estoppel against a law firm in malpractice litigation for statements it made as plaintiff's lawyer could chill full and vigorous representation, forcing attorneys to make tradeoffs between a client's interests and protecting themselves in case of a future malpractice suit."). Accordingly, the Court finds that the same policy reasons for excluding settlement evidence in the underlying suit apply in the context of this legal malpractice action.

In sum, Plaintiff's contention that Defendant lacks standing to challenge the admissibility of the settlement letter under Rule 408 flies in the face of the language of Rule 408, the policy considerations that underlie the Rule, and the realities of the "case-within-a-case" approach to malpractice litigation. Accordingly, Plaintiff's standing argument will be rejected.

### 2. Admissibility of the Settlement Letter

As stated above, Plaintiff claims that Defendant committed legal malpractice in the course of her representation by failing to file the lawsuit against HOVENSA within the applicable statute of limitations. To succeed on a legal malpractice claim, Plaintiff must prove "1) the attorney-client relationship giving rise to a duty; 2) breach of that duty; 3) the causal connection between the negligent conduct and the resulting injury, and 4) actual loss or damage." *Simon v. Joseph*, 59 V.I. 611, 621-22 (V.I. 2013) (quoting *Moorehead v. Miller*, 21 V.I. 79, 85 (D.V.I. 1984)). An essential element of a legal malpractice claim is proof of actual loss or damage. *See Phaire v. Galiber-Babb*, 26 V.I. 144, 147 (V.I. Terr. Ct. 1991) ("[A] necessary element for a legal malpractice claim . . . is actual damage to the plaintiff[.]"). To establish that she has suffered actual loss or damage, Plaintiff must prove that she had a viable cause of action against HOVENSA in the underlying litigation. *See, e.g.*, *Moorehead*, 21 V.I. at 86 (stating, in the context of a legal malpractice action, that "[the plaintiff] is . . . required to establish by the preponderance of evidence that he would have recovered a judgment in the underlying defamation action . . . ."). This requirement is often referred to as proving a "case within a case."[4]

Plaintiff acknowledges that, if the underlying case against HOVENSA had proceeded to trial, the settlement letter would not have been admissible. (*See* Dkt. No. 57 at 2) ("Without question, the demand [letter] would not have been admissible in the litigation between [Plaintiff]

---

[4] In a separate Memorandum Opinion and Order issued on March 29, 2016, the Court, after conducting a *Banks* analysis, predicted that the Supreme Court of the Virgin Islands will adopt the "case-within-a-case" approach for proving actual loss or damage in civil legal malpractice cases. (*See* Dkt. Nos. 137, 138).

and HOVENSA."). Nonetheless, she asserts that the $1.5 million value that Defendant placed on Plaintiff's claim against HOVENSA is admissible to show her damages in this case. (*See* Dkt. No. 106 at 3). Specifically, Plaintiff states that she "is not seeking to introduce the [demand] letter to prove either that HOVENSA was liable (that the claim against HOVENSA was 'valid') or the amount of HOVENSA's liability," but rather "to show the loss in value of her claim [against HOVENSA] due to [Defendant's] negligence." (*Id*. at 2).

Plaintiff's acknowledgement that the settlement letter would have been inadmissible in the underlying case against HOVENSA bears directly on the issue here. As noted earlier, in the present context, Defendant is standing in the shoes of HOVENSA. If the settlement letter would be inadmissible against HOVENSA, the same result should obtain here.

Moreover, despite her assertions to the contrary, it is clear that Plaintiff seeks to admit the settlement letter to demonstrate that her claim against HOVENSA had merit or, in the words of Plaintiff, had "value." However, Rule 408 prohibits the admission of a settlement offer for the purpose of proving the amount of a liability "where the validity of the claim is at issue." *Lohman*, 574 F.3d at 167. Here, the validity of the claim is certainly at issue and Rule 408 is therefore implicated. Plaintiff must prove through admissible and competent evidence that she had a viable cause of action against HOVENSA. She cannot rely upon the representations made by Defendant in the settlement letter to satisfy this burden. *See id*. ("[E]vidence of settlement negotiations is inadmissible to prove the merit or lack of merit of a claim[.]").

Plaintiff also cannot unilaterally waive the protections of Rule 408 "because the Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury." *See* FED. R. EVID. 408 advisory committee's note to 2006 amendment. In its notes to the 2006 amendment to Rule 408, the Advisory Committee stated:

> The amendment makes clear that Rule 408 excludes compromise evidence even when a party seeks to admit its own settlement offer or statements made in

settlement negotiations. If a party were to reveal its own settlement or offer, this could itself reveal the fact that the adversary entered into settlement negotiations.

*Id*. Thus, Rule 408 also protects the interests of HOVENSA (in whose shoes Defendant stands)—the party to which the settlement letter was directed.

Based on the foregoing, the Court concludes that Rule 408 bars the admission of, and reliance upon, the settlement letter prepared in the underlying case against HOVENSA to address Plaintiff's damages in this legal malpractice case. Accordingly, the Court will exclude its admission at trial for that purpose.[5]

### 3. The Bias Exception to Rule 408

Although the settlement letter is inadmissible to prove the validity or amount of Plaintiff's claim against HOVENSA, it may be admissible if it is offered "for another purpose, such as proving a witness's bias or prejudice . . . ." *See* FED. R. EVID. 408(b). In her supplemental brief, Plaintiff contends that the settlement letter is admissible to show Defendant's bias. (*See* Dkt. No. 106 at 3). According to Plaintiff, "Defendant . . . intends to argue at trial that [Plaintiff's] claim against HOVENSA was meritless and had either no, or limited, value." (*Id.*). Plaintiff seeks to admit the settlement letter as evidence that Defendant "previously valued the case for far more." (*Id.*).

The exception allowing for admission of evidence of bias may be applicable in certain cases. However, evidence of bias—of the nature described by Plaintiff—in a legal malpractice case is inconsistent with the principles of malpractice litigation. In *Seibert v. Nusbaum, Stein, Goldstein, Bronstein & Compeau, P.A.*, the Third Circuit explained that:

> [n]aturally, a plaintiff's attorney in filing an action takes the position that the action is justified. If the attorney through some error precludes the case from being litigated on the merits, then the concept of a trial within a trial is not consistent with

---

[5] On March 22, 2016, Plaintiff sought to admit at trial evidence of settlement negotiations between Plaintiff and HOVENSA to show that HOVENSA offered to settle the underlying case for a nominal value. For the same reasons discussed above, the Court orally ruled on the record that the evidence was inadmissible under Rule 408.

estopping the attorney from contending that if he had not made an error in any event he could not have been successful.

167 F.3d 166, 170 (3d Cir. 1999).[6] Accordingly, the Court finds that because the nature of a legal malpractice action contemplates that Defendant would likely be taking a position different from the one she presented in the underlying litigation, the introduction of the settlement letter for purposes of establishing such bias is foreclosed.

### 4. Rule 403

Admission of the settlement letter to establish Plaintiff's damages in this case also implicates Rule 403 of the Federal Rules of Evidence. *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Even if one were to assume that the settlement letter bears some relevance (albeit questionable) to Plaintiff's damages in this case, any probative value of the letter is substantially outweighed by the potential prejudice to Defendant and the danger of misleading the jury as to the value and legitimacy of Plaintiff's claim against HOVENSA. Accordingly, the Court finds that the settlement letter is also inadmissible under Rule 403.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Rules 408 and 403 of the Federal Rules of Evidence prohibit Plaintiff from using a settlement letter authored by Defendant, as counsel for

---

[6] In the context of judicial estoppel, the United States District Court for the District of Columbia has similarly stated:

> An entity acting as a lawyer to a client is fundamentally differently situated than an entity acting in its own interest in subsequent malpractice litigation. The position a law firm takes in those two contexts are necessarily in significant tension—as a lawyer representing a client, a firm defends the strengths of the client's position while in malpractice litigation it seeks to demonstrate the opposite, i.e., that the client would have lost.

*Encyclopedia Britannica, Inc. v. Dickstein Shapiro, LLP*, 905 F. Supp. 2d 150, 156 (D.D.C. 2012).

Plaintiff, in the underlying litigation to prove an element of Plaintiff's legal malpractice action against Defendant—i.e., the validity and value of her personal injury action against HOVENSA. The Court further concludes that the bias exception to Rule 408 is inapplicable in this context. Accordingly, the Court will grant Defendant's "Motion *in Limine* to Exclude Any Evidence, Reference or Argument Regarding Settlement Letter."

An appropriate Order accompanies this Memorandum Opinion.

Date: March 29, 2016                                _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge