**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **JESSICA BAPTISTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2013-0104 |
| ) | |
| **LEE J. ROHN, INDIVIDUALLY AND D/B/A** ) | |
| **LAW OFFICES OF LEE J. ROHN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Gordon C. Rhea, Esq.,**
Mt. Pleasant, SC
**Lee J. Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
**Rhea R. Lawrence, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant's "Motion for Award of Fees and Costs" (Dkt. No. 146); the affirmations of Attorneys Gordon C. Rhea and Rhea R. Lawrence attached thereto; and Plaintiff's Response (Dkt. No. 150). Defendant seeks $53,987.50 in attorneys' fees as a prevailing party under 5 V.I.C. § 541.

For the reasons that follow, the Court will deny Defendant's Motion.

## I.  BACKGROUND

Plaintiff Jessica Baptiste ("Baptiste") brought a civil legal malpractice lawsuit against her former lawyer, Defendant Lee Rohn ("Rohn"), claiming that Rohn was negligent when she filed Baptiste's personal injury case one day after the statutory time period had elapsed. (Dkt. No. 1 at ¶ 9). A jury trial was held from March 21 to March 28, 2016. (Dkt. No. 121). At trial, Baptiste carried the burden of demonstrating that she would have prevailed in the underlying personal injury case had Rohn filed it on time. The jury found that Baptiste failed to carry this burden and returned a verdict in favor of Rohn on March 28, 2016. (Dkt. No. 136). The following day, the Court entered an "Order and Judgment on a Verdict" in favor of Rohn. (Dkt. No. 145). Rohn filed the instant Motion fifteen days later, on April 13, 2016. (Dkt. No. 146). Rohn seeks $53,987.50 in attorneys' fees under 5 V.I.C. § 541 ("Section 541") for 89.75 hours of work performed on the case by Attorney Gordon C. Rhea at a rate of $350 per hour, and 75.25 hours of work performed by Attorney Rhea R. Lawrence at a rate of $300 per hour. *Id.* Rohn does not seek costs. *Id.*

## II.  DISCUSSION

Federal Rule of Civil Procedure 54 ("Rule 54") provides that a motion for attorneys' fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). "'Judgment' in Rule 54 is defined as 'a decree and any order from which an appeal lies.'" *Bernback v. Greco*, No. 05-4642, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007) (quoting Fed. R. Civ. P. 54(a)). The fourteen-day time limit prescribed by Rule 54 applies to motions filed under Section 541. *See, e.g., Hall v. Hall*, No. 11-cv-00054, 2016 WL 8650484, at *8 (D.V.I. Mar. 30, 2016). "To extend filing times after they elapse, a district judge must find 'excusable neglect.'" *Bernback*, 2007 WL 108293, at *3 (quoting Fed. R. Civ. P. 6(b)(1)(B)). A court may raise the timeliness of a motion for attorneys' fees *sua sponte*. *See Hardin v. Se. Pa. Transp. Auth.*, No. 91-cv-07434, 1998 WL 54713, at *3 (E.D. Pa. Jan. 6, 1998) (holding court may raise timeliness on its own

motion as "[t]here is no requirement that a party must raise Rule 54(d)(2)(B) as an affirmative defense"); *see also Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir. 2008) ("The filing of a fee petition plainly constitutes an act 'required . . . to be done . . . within a specified time' under Rule 6(b) . . . After the fourteen-day deadline ha[s] expired, the district court [is] not empowered, under the plain terms of Rule 6(b)(1), to extend that deadline on its own motion." (quoting Fed. R. Civ. P. 6(b))).

Judgment was entered in this matter on March 29, 2016. (Dkt. No. 145). Appeal lay from this judgment. (*See* Dkt. No. 147). Defendant filed the instant Motion on April 13, 2016—fifteen days later, and one day beyond the filing deadline. (Dkt. No. 146). Defendant's Motion was therefore untimely. Fed. R. Civ. P. 54(d)(2)(B)(i). Defendant does not argue that this delay was due to excusable neglect, nor has she provided any evidence of excusable neglect. Accordingly, the Court will deny Defendant's Motion for Award of Fees and Costs. *See First Bank Puerto Rico v. Daniel*, No. 14-cv-00100, 2017 WL 6347790, at *2 (D.V.I. Dec. 12, 2017) (denying motion for attorneys' fees under Section 541 where party filed motion outside time limit proscribed by Rule 54 and "[did] not argue[] that there was excusable neglect nor provide[] any evidence of excusable neglect"); *Bank of Nova Scotia v. Duberry*, No. 15-cv-00067, 2017 WL 3877853, at *1 (D.V.I. Sept. 5, 2017) (same); *Wallace v. Kmart Corp.*, No. 02-cv-00107, 2011 WL 4024796, at *3 (D.V.I. Sept. 8, 2011) (same).

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion.

An appropriate Order accompanies this Memorandum Opinion.

Date:  September 30, 2022  _____/s/_____
                           WILMA A. LEWIS
                           District Judge